**COUNTY OF SUFFOLK, a municipal corporation, Robert Alcorn, Christopher S. George, Fred Harrison, Peter Maniscalco, William P. Quinn, and Custom Extruders, Inc., Plaintiffs,**

v.

**LONG ISLAND LIGHTING COMPANY, Stone & Webster Engineering Company, Charles R. Pierce, Wilfred O. Uhl, Charles J. Davis, and Andrew W. Wofford, Defendants.**

**UNITED STATES of America ex rel. W. Gordon DICK and John P. Daly, Jr., Plaintiffs,**

v.

**LONG ISLAND LIGHTING COMPANY, Charles R. Pierce, Wilfred O. Uhl, Charles J. Davis, and Andrew W. Wofford, Defendants.**

Nos. 87–CV–646 (JBW), 88–CV–2065 (JBW).

United States District Court, E.D. New York.

Dec. 9, 1988.

Filed April 14, 1989.

Hill, Betts & Nash by Bernard Persky, Kenneth F. McCallion, Gregory W. O'Neill, James W. Johnson and Lawrence P. Kolker, New York City, and E. Thomas Boyle,

County Atty. of Suffolk County, Hauppauge, N.Y., for plaintiffs Suffolk County and Custom Extruders, Inc.

Vladeck, Waldman, Elias & Engelhard by Judith P. Vladeck, Karen Honeycutt and Julian Birnbaum, New York City, for the Individual Ratepayer plaintiffs.

Bower & Gardner by James D. Harmon, Jr. and Michael J. Eng, New York City, for U.S.

Shea & Gould by Michael Lesch, Ronald H. Alenstein and John G. Nicolich, New York City, for the individual defendants.

Susan E. Silverman, Hicksville, N.Y., for defendant Long Island Lighting Co.

Mudge Rose Guthrie Alexander & Ferdon by Laurence V. Senn, Jr., New York City, for defendant Stone & Webster Engineering.

Robert Abrams, New York State Atty. General's Office, New York City.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge:

Individual plaintiffs and proposed individual plaintiff intervenors will move on December 23, 1988, for, among other relief, certification under Rule 23(b)(1)(A), (b)(1)(B), and 23(b)(3). The basis for the motion under Rule 23(b)(1)(B) is that "adjudications with respect to individual members of the class ... would as a practical matter ... substantially impair or impede their ability to protect their interests." The moving parties indicate that the primary basis (but not the only basis) for class certification "is a risk that earlier litigants will deplete the fund [available from Long Island Lighting Company's assets] and leave nothing for latecomers." *See In re "Agent Orange" Prod. Liab. Litig.*, 100 F.R.D. 718, 725–728 (E.D.N.Y.1983), *mandamus denied sub nom. In re Diamond Shamrock Chem. Co.*, 725 F.2d 858 (2d Cir.), *cert. denied*, 465 U.S. 1067, 104 S.Ct. 1417, 79 L.Ed.2d 743 (1984). In short, the claim is that bankruptcy of LILCO may make collection of a judgment in cash or rate rebates impossible.

The court will hold a hearing on December 23, 1988 on the individual plaintiffs' claim under Rule 23(b)(1)(B).

It is in the best interest of all parties and the public to decide all possible motions as soon as practicable. This would include motions by defendants for judgment notwithstanding the verdict, motions by defendants for a new trial, motions by individual plaintiffs for class certification, motions for summary judgment by defendants, motions for summary judgment by plaintiffs, certifications for possible early appeal where decisions are not dispositive, and any other motions.

It would appear desirable to resolve all issues in the district court promptly and to shape the case for early appeals, should they be needed. Accordingly, all counsel shall adhere to the following schedule: All notices of motions to be hand delivered with briefs and supporting papers by December 29, 1988. All answers to be hand delivered with briefs and supporting papers by January 12, 1989. All responses to answers to be hand delivered with briefs and supporting papers by January 26, 1989. All motions to be heard on February 2, 1989 at 11:00 A.M.

SO ORDERED.